IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESTER MOORE,

               Plaintiff,

      v.

ROBERT SARVER, SERGEANT
GULLISPE,

               Defendants.

2:23-CV-02052-CCW

## **ORDER**

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On February 13, 2026, the Magistrate Judge issued a Report (the "R&R"), ECF No. 68, recommending that the Defendants' partial Motion to Dismiss, ECF No. 49, be granted. Service of the R&R was made on the parties, and neither party filed Objections. *See* ECF No. 68.

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the Objections thereto, it is hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 49, is **GRANTED**. Plaintiffs' official capacity claims are DISMISSED WITH PREJUDICE.[1]

---

[1] As noted in the R&R, while Plaintiff nominally brings excessive force claims under the Fourth and Eighth Amendments to the United States Constitution, and claims for "deprivation of property, freedom, [and] liberty" under the Fifth Amendment, the substance of each of these claims is properly construed pursuant to the Fourteenth Amendment. ECF No. 40 at 4–5. "Because Plaintiff is proceeding *pro se*, the Court will liberally construe his complaint as attempting to set forth [Fourteenth Amendment] claim[s], regardless of his confusion of legal theories." *Haynes v. Thompson*, No. CV 16-285, 2016 WL 6995654, at *1 n.2 (W.D. Pa. Nov. 30, 2016) (Eddy, M.J.) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (construing claims brought nominally under the Eighth and Fourteenth Amendments as being brought under the Fourth Amendment); *see also Mala v. Crown Bay Marina, Inc.*,

2. The R&R, ECF No. 68, is **ADOPTED** as the Opinion of the District Court.

3. Defendants shall answer the remaining claims, which are against them in their individual

capacities, by **March 30, 2026.**

IT IS SO ORDERED.


DATED this 16th day of March, 2026.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record


cc (via US mail):

Lester Moore, *pro se*
38998510
FCI Thompson
P.O. Box 1002
Thompson, IL 61285

---

704 F.3d 239, 244 (3d Cir. 2013) (stating that courts should "apply the relevant legal principle even when the [*pro se*] complaint has failed to name it"). Accordingly, Plaintiff's individual-capacity constitutional claims for excessive force and "deprivation of property, freedom, [and] liberty" will be allowed to proceed into discovery under a Fourteenth Amendment framework.